**Exhibit A**

11-01-2023 TMS
1246
FILED
10-31-2023
Clerk of Circuit Court
Waukesha County
2023CV001753

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **WAUKESHA**

Amy Manthey vs. City of Waukesha          **Electronic Filing Notice**

Case No. 2023CV001753
Class Code: Money Judgment

RECEIVED

NOV 1 2023

WAUKESHA CITY CLERK

CITY OF WAUKESHA
201 DELAFIELD STREET
WAUKESHA WI 53188

Case number 2023CV001753 was electronically filed with/converted by the Waukesha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: e2b0be**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-548-7525.

Waukesha County Circuit Court
Date: November 1, 2023

GF-180(CCAP), 11/2020 Electronic Filing Notice
This form shall not be modified. It may be supplemented with additional material.
§801.18(5)(d), Wisconsin Statutes

FILED
10-31-2023
Clerk of Circuit Court
Waukesha County
2023CV001753

| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **WAUKESHA COUNTY** |
|---|---|---|

AMY MANTHEY
2701 Northview Road
Waukesha, WI 53188,

      Plaintiff,

v.

CITY OF WAUKESHA
201 Delafield Street,
Waukesha, WI 53188,

      Defendant.

Case No.:
Case Code: 30701 and 30301
Classification:  Declaratory Judgment
and Money Judgment

## SUMMONS

**THE STATE OF WISCONSIN:**

To the Defendant named above:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you.  The Complaint, which is attached, states the nature and basis of legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written statement, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint.  The Court may reject or disregard an Answer that does not follow the requirements of Wisconsin Statutes.

The Answer must be sent or delivered to the Court, whose address is:

Clerk of Courts
Waukesha County Courthouse
515 W. Moreland Boulevard
Waukesha, WI 53188

and to the Plaintiff, at:

Amy B. Manthey
2701 Northview Road
Waukesha, WI 53188

You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Waukesha, Wisconsin this 31st day of October, 2023.

*/s/ Amy B. Manthey*

Amy B. Manthey, Plaintiff

FILED
10-31-2023
Clerk of Circuit Court
Waukesha County
2023CV001753

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **WAUKESHA COUNTY** |

AMY MANTHEY
2701 Northview Road
Waukesha, WI 53188,

      Plaintiff,

v.

CITY OF WAUKESHA
201 Delafield Street,
Waukesha, WI 53188,

      Defendant.

Case No.:
Case Code: 30701 and 30301
Classification: Declarative Judgment
and Money Judgment

---

## COMPLAINT

---

NOW COMES the above-named Plaintiff, Amy Manthey, *pro se*, as for her Complaint against the Defendant, City of Waukesha, hereby alleges and shows to the Court as follows:

### PARTIES

1.    The Plaintiff, Amy Manthey ("Plaintiff" or "Manthey"), is an adult resident of Waukesha County, Wisconsin, and currently resides at 2701 Northview Road, Waukesha, WI 53188.

2.    The Defendant, City of Waukesha (the "City"), is a municipal corporation organized and existing under the laws of the State of Wisconsin, with offices located at 201 Delafield Street, Waukesha, WI 53188.

### JURISDICTION AND VENUE

3.    Jurisdiction is appropriate in the State of Wisconsin as all parties reside within the State of Wisconsin and the property at issue in the lawsuit is located in the State of Wisconsin.

1

4.     Venue is appropriate in Waukesha County as it is the Defendant's County of residence as well as the county where the property at issue in this lawsuit is located.

## **BACKGROUND FACTS**

5.     Manthey, along with like residents of the City of Waukesha have operated under the exemption of a city ordinance and have kept various fowl within City limits for several decades.

6.     Manthey and her husband purchased the residential property located at 2701 Northview Road, Waukesha, Wisconsin (the "Property") in 2010, wherein she has practiced various conservation techniques since purchase.

7.     The Property sits on approximately 1.378 acres and borders Northview Road to the north and N. University Drive to the east, which is where Manthey's coops and run are situated.

8.     Only 0.44% of residential parcels in the City have a lot size of greater than one acre.

9.     Manthey has kept chickens at the Property since August 2021.

10.     Manthey's flock includes various breeds, including three (3) roosters.   Manthey researched and selected the best breeds for southeastern Wisconsin's climate, the property's lot size, pest control, sustainability, flock protection, and personality.

11.     On March 7, 2023, the City adopted Ordinance No. 2023-4 ("the Ordinance"), which created a new section of the Waukesha Municipal Code, Section 33.07 to regulate the keeping of chickens and other fowl within the City.   A true and correct copy of the Ordinance signed by the Mayor and City Clerk, is attached hereto as **Exhibit 1**.

12.     Prior to the City's adoption of Ordinance No. 2023-4, the City did not prohibit or regulate the keeping of chickens or other fowl on residential parcels.

13.     On April 14, 2023, Manthey served a Notice of Claim pursuant to Wis. Stat.

§ 893.80 upon the City through its Mayor, Sean Reilly, and Interim City Administrator, Gina Kozlik. A true and correct copy of the Notice of Claim is attached hereto as **Exhibit 2**.

      14.    The Notice of Claim stated that Manthey would challenge the ordinance in whole or in part, and specifically referenced the following:

- Keeping Certain Fowl Prohibited, specifically that residents and parcels must come into compliance within 180 days for the effective date of this section 33.07(3).
- All Permit, Inspection, and Registration Requirements contained in Section 33.07(4)-(8).
- The General Regulations contained in Section 33.07(9)(a-j).
- The Enclosure Requirements contained in Section 33.07(10).

(See **Exhibit 1**.)

      15.    Manthey's Notice of Claim specifically took issue with the Ordinance's arbitrary limitation of the number of chickens to four per parcel or six per parcel if the parcel is greater than one acre in area; and its prohibition on roosters.  Section 33.07(9)(a) and (b).  Because Manthey had kept more than six chickens, including roosters, since well before passage of the Ordinance, the Notice of Claim stated that Manthey was seeking a legal non-conforming use exemption.

      16.    Manthey's Notice of Claim further challenged the Ordinance's requirement that Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels." Section 33.07(9)(h). Manthey's chickens have always ranged freely on her property.

      17.    Manthey's Notice of Claim further referenced the Ordinance's Enclosure Requirements.  Upon information and belief, Manthey's existing Chicken "Enclosure" as this term is defined in Section 33.07(2)(c) is not in compliance with all Enclosure Requirements contained in Section 33.07(10)(a)-(l) of the Ordinance.

18.     Manthey's Notice of Claim aligned the interests of like residents and all parties agreed that only Manthey shall file versus the entirety of like residents to save judicial monotony.

19.     On or about May 3, 2023, the City formally disallowed Manthey's, along with other like resident's, Notice of Claim by letter sent to Manthey's counsel at the time.  A true and correct copy of the City's disallowance letter is attached hereto as **Exhibit 3**.

## FIRST CLAIM FOR RELIEF:  DECLARATORY RELIEF
## (ENFORCEABILITY OF THE ORDINANCE)

20.     The allegations contained in paragraphs 1-19 above are realleged and incorporated as if fully set forth above, as though fully set forth herein at length.

21.     The City does not have a rational basis for the requirement contained in Section 33.07(3). This section of the ordinance violates animal cruelty laws, specifically Wis. Stat. § 951.02, "no person may treat any animal, in a cruel manner; Cruel defined as "unnecessary, unjustifiable death."

22.     Sections 33.07(4)-(8) of the Ordinance contain arbitrary, unreasonable, overly invasive, and overly burdensome permitting, inspection, and registration requirements.

23.     The City does not have a rational basis for the requirements contained in Section 33.07(4)-(8) of the Ordinance.

24.     The requirements contained in Section 33.07(4)-(8) of the Ordinance are not rationally related to any legitimate municipal objective.

25.     The non-consensual inspection of premises on demand by the City of Waukesha Community Development Department authorized under Section (7) of the Ordinance constitutes an illegal search under the Fourth Amendment of the United States Constitution and § 11 of Article 1 of the Wisconsin Constitution.

4

26.     It is facially unconstitutional for the City to authorize the inspection of property without affording the owner an opportunity to obtain judicial review of the reasonableness of the demand for inspection.

27.     The limitation of the number of chickens to four (4) per parcel or six (6) per parcel if the parcel is greater than one acre in area contained in Section 33.07(9)(a) of the Ordinance is arbitrary and capricious, lacks a reasonable basis, and is not rationally related to any legitimate municipal objective.

28.     The prohibition on roosters contained in Section 33.07(9)(b) of the Ordinance is arbitrary and capricious, lacks a reasonable basis, and is not rationally related to any legitimate municipal objective.

29.     Section 33.07(h)'s requirement that "[c]hickens must be kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels" is arbitrary and capricious, lacks a reasonable basis, and is not rationally related to any legitimate municipal objective.

30.     The Enclosure Requirements contained in Section 33.07(10)(a)-(l) of the Ordinance are arbitrary and capricious, lack a reasonable basis, and are not rationally related to any legitimate municipal objective.

31.     The Ordinance, in whole or in part, is unconstitutional, void, and unenforceable on its face, or as applied to Manthey.

32.     Section 33.07, in whole or in part, constitutes illegal zoning in that the City impermissibly changed its zoning regulations to prohibit certain uses of land and structures that were previously permitted.

5

33.    There exists an actual, justiciable controversy between the Plaintiff on the one hand, and the City, on the other hand.

34.    Manthey disputes the enforceability of various provisions of the Ordinance.

35.    The interests of Manthey and the City are adverse.

36.    The controversy is ripe for a judicial determination as to whether the Ordinance is enforceable in whole or in part.

37.    Judicial determination will terminate the controversy between the parties.

38.    Manthey, and like residents, seek judicial determination and declaration that the Ordinance is unenforceable in whole or in part, and seek exemption from the Ordinance.

## SECOND CLAIM FOR RELIEF:  DECLARATORY RELIEF
## (LEGAL NON-CONFORMING USE)

39.    The allegations contained in paragraphs 1-38 above are realleged and incorporated as if fully set forth above, as though fully set forth herein at length.

40.    Section 33.07(9)(a) of the Ordinance limits the number chickens that may be kept on a property to four per parcel or six (6) per parcel if the parcel is greater than one acre in area.

41.    Manthey has kept more than six chickens at the Property since the fall of 2021.

42.    Section 33.07(9)(b) of the Ordinance prohibits the keeping of roosters in the City of Waukesha.

43.    Manthey has kept two (2) miniature roosters at the Property since before the Ordinance was adopted.

44.    Section 33.07(h) of the Ordinance requires that "Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels."

6

45.     Manthey's chickens have ranged freely on the Property, which has been completely fenced, since before the Ordinance was adopted.

46.     Section 33.07(10) of the Ordinance contains twelve (12) requirements for Chicken Enclosures.

47.     Manthey has had a coop and run on the property since before the Ordinance was adopted.  Upon information and belief, Manthey's coops and run are not in compliance with all requirements under Section 33.07(10) of the Ordinance.

48.     Manthey's Notice of Claim letter dated April 14, 2023 **(Exhibit 2)** included a request for a legal non-conforming use exemption from the Ordinance.

49.     The City disallowed Manthey's Notice of Claim in its entirety, including her request for legal non-conforming use, on or about May 2, 2023, without explanation.

50.     There exists an actual, justiciable controversy between Manthey on the one hand, and the City, on the other hand.

51.     The parties dispute whether Manthey, and like residents, are entitled to exemption of the City's ordinance 33.07, and in the very least, legal non-conforming use exemption as to the Ordinance's limitation on the number of chickens allowed to be kept on a Property; the Ordinance's prohibition on roosters; the Ordinance's requirement that Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels; and the Ordinance's Enclosure Requirements under Section 33.07(10).

52.     The interests of Manthey, like residents, and the City are adverse.

53.     The controversy is ripe for a judicial determination as to whether Manthey, and like residents are entitled to exemption of ordinance 33.07, and in the very least, legal non-conforming use exemption.

7

54.     Such judicial determination will terminate the controversary between the parties.

55.     Manthey and like residents seek a judicial determination and declaration that they are entitled to exemption of the ordinance, including exemption from the limitation on the number of chickens allowed to be kept on a Property; the prohibition on roosters; the requirement that Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels; and the Enclosure Requirements contained in the Ordinance.

### THIRD CLAIM FOR RELIEF:
### RIGHT TO FARM

56.     The allegations contained in paragraphs 1-55 above are realleged and incorporated as if fully set forth above, as though fully set forth herein at length.

57.     Manthey's property was registered as agricultural prior to City zoning.

58.     Manthey has operated her sustainability practices, including conservation, bee keeping, and raising livestock, for over ten (10) years, well before the Ordinance and without interference from the City.

59.     In her practices, Manthey has stored and processed her agricultural products, and followed all agricultural waste practices.

60.     Manthey registered her farming practices with the State agricultural department and veterinarian for transparency prior to the Ordinance in order to be apprised of any dangers her practices may pose to public safety and health, along with staying apprised with ever changing natural dangers to her practices.

61.     Manthey consulted various experts to comply with matters of conservation, sustainability, and economic value for agricultural practices on her property.

62.     At no time, past or present, has public health or safety been endangered by Manthey's practices.

63.     Manthey has obtained economic benefits from her practices that afford her the ability to continue her practices.

64.     Manthey operates under the protections of U.S. Department of Commerce, "Table 1. Farms, Land in Farms, and Land Use" and Wis. Stat. §§ 91.01(2)(a), 823.08(2) (2021) 'Right to Farm' laws which allows her property protection from enforceability of actions that would negatively impact viability of her operations.

### FOURTH CLAIM FOR RELIEF:
### VIOLATION OF TITLE 42 U.S.C. § 1983

65.     The allegations contained in paragraphs 1-64 above are realleged and incorporated as if fully set forth above, as though fully set forth herein at length.

66.     At all times material hereto, the City of Waukesha acted under color of state law, statute, ordinance, custom, and usage within the meaning of Title 42 U.S.C. § 1983.

67.     The actions of the City, including but not limited to denying Manthey's requests for a legal non-conforming use without explanation or justification, deprived the Plaintiff of property without due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

68.     As a result, Manthey has been financially harmed and is entitled to incidental, consequential, and other damages, including actual attorney's fees and costs, arising from the actions of the City.

## **RELIEF REQUESTED**

Manthey demands Judgment against the Defendant, the City of Waukesha, as follows:

A.      On the First Claim for Relief, an Order for Judgment and Judgment declaring that Section 33.07 of City of Waukesha Ordinance No. 2023-4 is void and unenforceable in whole or in part to her, and like residents.

B.      On the Second Claim for Relief, an Order for Judgment and Judgment declaring that Manthey, and like residents, are entitled to legal non-conforming use exemption from all of City of Waukesha Ordinance No. 2023-43.

C.      On the Third Claim for Relief, an Order for Judgment and Judgment declaring that the Property be returned to agricultural zoning granting farming practices within City limits.

D.      On the Forth Claim for Relief, an Order for Judgment and Judgment for recovery of monetary damages under Wisconsin State Law and under 42 U.S.C. § 1983 in an amount to be determined at trial, and an award under 42 U.S.C. § 1988 for reimbursement of Manthey's attorney fees and costs, filing fees, and all costs incurred in this action.

E.      An award for pain, suffering, and undue stress.

F.      An award of all statutory costs.

G.      For such other legal and equitable relief to which Manthey may be entitled to by law.

### **PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE ON ALL ISSUES SO TRIABLE.**

Dated at Waukesha, Wisconsin this 31st day of October, 2023.

/s/ *Amy B. Manthey*

Amy B. Manthey, Plaintiff

10

**FILED**
**10-31-2023**
**Clerk of Circuit Court**
**Waukesha County**
**2023CV001753**

**City of Waukesha, Wisconsin**

**Ordinance No. 2023 – 4**

---

**An Ordinance Creating Section 33.07 of the Waukesha Municipal Code,
Regarding the Keeping of Chickens and Other Fowl**

---

The Common Council of the City of Waukesha do ordain as follows:

**Section 1.** Section 33.07 of the Waukesha Municipal Code is created to read in its entirety as follows:

**33.07. Chickens and Other Fowl.**

(1) **Purpose and Applicability.** The purpose of this Section is to regulate the keeping of Chickens and prohibit the keeping of other Fowl to ensure humane treatment of the animals, avoid public nuisances and other adverse impacts on neighboring properties, and control rodent infestation.

(2) **Definitions.** Capitalized terms have the following meanings:

    (a) Chicken means the species Gallus gallus domesticus.

    (b) Department means the City of Waukesha Community Development Department.

    (c) Enclosure means the entire space within which Chickens are Kept, including both a coop and a run.

    (d) Fowl means larger domesticated birds commonly raised and kept for their meat or eggs. The term includes, but is not limited to, ducks, geese, turkeys, guinea hens, pheasants, and peafowl.

    (e) Keep, Keeping, or Kept means to have anywhere on a premises.

    (f) Parcel means a parcel of real property in the City having a unique tax parcel number.

    (g) Section means this Municipal Code §33.07.

(3) **Keeping Certain Fowl Prohibited.** The keeping of Fowl, except Chickens, is prohibited in the City of Waukesha. The only Fowl that may be kept in the City of Waukesha is Chickens, subject to the requirements of this Section. There shall be a grace period of 180 days from the effective date of this Section for individuals and Parcels to come into compliance with this Section.

**EXHIBIT
1**

(4) **Permit Required.** A permit issued by the Department is required for the keeping of Chickens. An application and non-refundable fee shall be required for the permit. The fee shall be according to the fee schedule set and amended from time to time by the Department. The permit shall be valid for only the Parcel indicated in the application, and is not assignable or transferable to any other individual or Parcel. The permit shall be valid for a period of two years, and may be renewed upon application and payment of the renewal fee, provided there have been no violations of this Section associated with the permit.

(5) **Plans and Approval Required.** Plans for enclosures and a site plan showing the location of the enclosure in relation to property boundaries, structures on the premises, and structures on adjoining properties must be submitted with the permit application, and plans must be approved by the Department before a permit may be issued.

(6) **Permit Limitations.** No more than one permit may be issued for any Parcel, regardless of the number of dwelling units on the Parcel. Permits may be issued for non-owner-occupied Parcels only with the written consent of the owner of the Parcel. Permits shall not be issued for Parcels with duplex or multi-family dwellings, except that if the owner of the Parcel is an occupant of one of the dwelling units, then a permit may be issued to that owner.

(7) **Inspection.** All premises for which a permit has been issued shall be available for inspection by the Department. A refusal to allow inspection will result in a revocation of or refusal to renew the permit.

(8) **Livestock Premises Registration.** Permits shall not be issued until the applicant has registered the premises on which Chickens will be Kept with the State of Wisconsin Department of Agriculture, Trade and Consumer Protection, pursuant to Wis. Admin. Code ATCP 17.02.

(9) **General Regulations.**

(a) No more than four Chickens may be Kept per Parcel, except that six chickens may be Kept on Parcels greater than one acre in area. There shall be a grace period of 180 days from the effective date of this Section for individuals and Parcels to come into compliance with this Section.

(b) Keeping of roosters is prohibited.

(c) Chickens may only be slaughtered indoors and out of the view of the public.

(d) Chickens shall be provided with fresh water and adequate amounts of feed regularly.

(e) Eggs shall not be hatched.

(f) Manure and soiled bedding shall be removed from the enclosure regularly and frequently enough to avoid odors and attraction of insects. Manure and soiled bedding shall be disposed of in a sealed container.

(g) Chickens may not be Kept in any manner that causes a public nuisance under Chapter 12 of this Municipal Code, or that tends to interfere unreasonably with the normal use of property or enjoyment of life, or that causes a public health threat.

(h) Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels.

(i) Dead Chickens shall be removed from the premises immediately and disposed of in accordance with law.

(j) In general, humane practices must be employed at all times in the Keeping of Chickens.

**(10) Enclosure Requirements.**

(a) Enclosures shall be constructed in a sturdy and workmanlike manner.

(b) Enclosures shall be mounted off the ground, placed on a hard surface such as concrete or patio blocks, or have a floor of hardware cloth, such that burrowing animals may not go into the enclosure.

(c) Enclosures shall be enclosed on all sides, including the top.

(d) Enclosures must be covered with solid material or hardware cloth. Chicken wire is not permitted for enclosures.

(e) Enclosures must not be able to be entered by rodents or predators.

(f) Feed must be kept in closed rodent-proof containers.

(g) If an enclosure is mounted off the ground, it must be constructed so that feed cannot fall through the bottom onto the ground. Any feed falling outside of the enclosure must be cleaned up daily.

(h) Enclosures shall provide at least 16 square feet of area per Chicken, including coop area.

(i) Enclosures must include a coop providing adequate shelter for Chickens from weather and the elements. Coops must provide at least 3 square feet of area per Chicken.

(j) Open-flame heaters are prohibited.

(k) No enclosure or coop shall be located closer than 25 feet to any residential dwelling on an adjacent lot unless consent is given by the current owner of the adjacent lot. Consent must be in writing, and provided to the Department with the permit application.

(l) Enclosures are accessory uses, subject to the yard restrictions, setback requirements, and other regulations in Municipal Code §22.58.

**(11) Violations.** Violations of this Section shall result in the application of the following procedure:

(a) Compliance orders shall be issued to the permit holder by the Building Inspection Division.

    **(b)**   If the permit holder fails to comply timely with compliance orders, then:

        **(i)**   Inspection and re-inspection fees may be assessed.

        **(ii)**   Citations may be issued, with forfeitures as provided in Municipal Code §25.05.

        **(iii)**   The permit may be revoked or refused for renewal.

    **(c)**   If a permit is revoked or refused for renewal, no new permit shall be issued to that permit holder or for that Parcel for a period of 2 years.

**(12)**  **Appeal of Revocation or Refusal to Renew.** A revocation or refusal to renew a permit issued under this Section may be appealed to the Administrative Review Appeals Board by the filing of a written notice of appeal with the City Clerk-Treasurer within 10 days of receipt of notice of the revocation or refusal to renew. Upon appeal, the permit holder and the City shall have an opportunity to present evidence to the Board at a hearing held after reasonable notice. The Board shall determine whether the Department had sufficient grounds under this Section for revocation or refusal to renew the permit, and shall not grant waivers or variances from the requirements of this Section. Except as provided otherwise by this section, procedure for appeals shall be as provided in Municipal Code §2.11(3)(b), and the review procedures provided by Wisconsin Statutes Chapter 68 shall not apply. Appeals from the Board's decision shall be made by certiorari to the Circuit Court within 30 days of receipt of the Board's decision.

**Section 2.** All ordinances, or portions of ordinances, inconsistent with this ordinance are hereby repealed.

**Section 3.** This Ordinance shall be effective the day after its publication.

Passed the 7th day of March, 2023.

_____
Shawn N. Reilly, Mayor

_____
Attest: Gina L. Kozlik, City Clerk

FILED
10-31-2023
Clerk of Circuit Court
Waukesha County
2023CV001753

# CRAMER, MULTHAUF  HAMMES, LLP

### ATTORNEYS AT LAW



Michael A. Snider

SUITE 200
1601 EAST RACINE AVENUE
POST OFFICE BOX 558
WAUKESHA, WISCONSIN 53187-0558
TELEPHONE (262) 542-4278
FACSIMILE (262) 542-4270
E-MAIL mas@cmhlaw.com
www.cmhlaw.com

April 14, 2023

**VIA PROCESS SERVER TO:**

Gina Kozlik, Clerk/Treasurer and
Interim City Administrator
City of Waukesha – City Hall
201 Delafield Street
Waukesha, WI 53188

**VIA PROCESS SERVER TO:**

Mayor Shawn Reilly
Office of the Mayor
City of Waukesha – City Hall
201 Delafield Street, 3rd Floor
Waukesha, WI 53188

Re:   *Notice of Claim – Resident Amy Manthey*
      Property Location: 2701 Northview Road, Waukesha, Wisconsin 53188
      City of Waukesha Ordinance 2023-4; Waukesha Municipal Code § 33.07

Dear Mayor Reilly and Interim Administrator/Clerk Kozlik:

Our law firm represents Amy Manthey ("Manthey"), who resides at 2701 Northview Road, Waukesha, Wisconsin 53188. Ms. Manthey has retained us to challenge the City of Waukesha's ("City") recently enacted Chicken Ordinance, Section 33.07 of the Waukesha Municipal Code. Pursuant to Wis. Stat § 893.80(1d)(a) and (b), this letter shall serve as written notice of the circumstances of Ms. Manthey's claim against the City related to the validity of Section 33.07 and shall set forth her itemized statement of relief sought. Wis. Stat. § 893.80(1d)(a)-(b).

Manthey intends to challenge the entire ordinance on grounds that it lacks a reasonable basis; is arbitrary and unreasonable; bears no substantial relation to the public health, safety, morals or general welfare; violates the ex post facto clause of the United States and Wisconsin Constitutions, retroactively destroys a vested property right; and constitutes unlawful zoning in whole or in part. Manthey further intends to challenge the Ordinance on the grounds that it is unconstitutional as applied to her and her property.

We find the following provisions contained in Section 33.07 especially concerning:

  (9) General Regulations.

    (a) No more than four Chickens may be Kept per Parcel, except that six chickens may be Kept on Parcels greater than one acre in area. There shall be a grace period of 180 days from the effective date of this Section for individuals and Parcels to come into compliance with this Section.

*The Standard of Excellence*

EXHIBIT
**2**

April 14, 2023
Page 2

      (b) Keeping of roosters is prohibited.

      (h) Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels.

Manthey does not believe the City has a reasonable basis for limiting the number of chickens to four or six or prohibiting the keeping of any roosters whatsoever. These restrictions are confiscatory in nature and are oppressive. Prohibiting chickens from roaming freely on their owners' property is arbitrary and unreasonable.

The permit and registration requirements contained in subsections (4) through (8), and the Enclosure Requirements contained in subsection (10), are exceedingly onerous and unnecessarily intrusive. These requirements appear designed to discourage and deter residents from keeping chickens in the City of Waukesha, and also lack any rational basis.

It is our understanding that the Common Council has received comments and a large file of information from Manthey on this topic, but has essentially ignored all of it.

## Legal Nonconforming Use

Manthey has had over thirty chickens prior to the enactment of ordinance number 2023-4, Section 33.07, including two miniature roosters. We believe this history establishes a legal nonconforming use, and we are requesting this relief from the City. Pursuant to Section 22.61 of the Waukesha Municipal Code, the lawful use of a premise existing at the time of the adoption of a zoning ordinance may be continued although such use does not conform with the provisions of the ordinance. We believe the case can be made that the City's new chicken ordinance is actually a zoning ordinance as it significantly restricts the way in which a landowner may use his or her property.

## Conclusion and Relief Sought

Manthey requests a legal nonconforming use exemption from Section 33.07 in its entirety based upon her pre-existing use and vested property right. Should this not be granted, we intend to commence an action for declaratory judgment to challenge the validity of the subject ordinance. Pursuant to Wis. Stat. § 893.80(1d)(b), the relief sought by Ms. Manthey will include temporary injunctive relief, permanent injunctive relief, a declaration that the subject Ordinance is void and unenforceable, and damages and attorney's fees pursuant to 42 U.S.C. 1983, *et seq.*

Please confirm receipt of this letter and let me know whether the City will grant Ms. Manthey the legal nonconforming use exemption.

Please feel free to contact me should you have any questions regarding the contents of this letter.

April 14, 2023
Page 3

Sincerely,

*/s/ Michael A. Snider*

Michael A. Snider

MAS:tlm

cc:     Ms. Amy Manthey



# CRAMER, MULTHAUF & HAMMES, LLP

### ATTORNEYS AT LAW



Michael A. Snider

SUITE 200
1601 EAST RACINE AVENUE
POST OFFICE BOX 558
WAUKESHA, WISCONSIN 53187-0558
TELEPHONE (262) 542-4278
FACSIMILE (262) 542-4270
E-MAIL mas@cmhlaw.com
www.cmhlaw.com

April 14, 2023

**VIA PROCESS SERVER TO:**

Gina Kozlik, Clerk/Treasurer and
Interim City Administrator
City of Waukesha – City Hall
201 Delafield Street
Waukesha, WI 53188

**VIA PROCESS SERVER TO:**

Mayor Shawn Reilly
Office of the Mayor
City of Waukesha – City Hall
201 Delafield Street, 3rd Floor
Waukesha, WI 53188

Re:    *Notice of Claim – Resident Amy Manthey*
       Property Location: 2701 Northview Road, Waukesha, Wisconsin 53188
       City of Waukesha Ordinance 2023-4; Waukesha Municipal Code § 33.07

Dear Mayor Reilly and Interim Administrator/Clerk Kozlik:

Our law firm represents Amy Manthey ("Manthey"), who resides at 2701 Northview Road, Waukesha, Wisconsin 53188. Ms. Manthey has retained us to challenge the City of Waukesha's ("City") recently enacted Chicken Ordinance, Section 33.07 of the Waukesha Municipal Code. Pursuant to Wis. Stat § 893.80(1d)(a) and (b), this letter shall serve as written notice of the circumstances of Ms. Manthey's claim against the City related to the validity of Section 33.07 and shall set forth her itemized statement of relief sought. Wis. Stat. § 893.80(1d)(a)-(b).

Manthey intends to challenge the entire ordinance on grounds that it lacks a reasonable basis; is arbitrary and unreasonable; bears no substantial relation to the public health, safety, morals or general welfare; violates the ex post facto clause of the United States and Wisconsin Constitutions, retroactively destroys a vested property right; and constitutes unlawful zoning in whole or in part. Manthey further intends to challenge the Ordinance on the grounds that it is unconstitutional as applied to her and her property.

We find the following provisions contained in Section 33.07 especially concerning:

  (9) General Regulations.

   (a) No more than four Chickens may be Kept per Parcel, except that six chickens may be Kept on Parcels greater than one acre in area. There shall be a grace period of 180 days from the effective date of this Section for individuals and Parcels to come into compliance with this Section.

*The Standard of Excellence*

April 14, 2023
Page 2

    (b) Keeping of roosters is prohibited.

    (h) Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels.

Manthey does not believe the City has a reasonable basis for limiting the number of chickens to four or six or prohibiting the keeping of any roosters whatsoever. These restrictions are confiscatory in nature and are oppressive. Prohibiting chickens from roaming freely on their owners' property is arbitrary and unreasonable.

The permit and registration requirements contained in subsections (4) through (8), and the Enclosure Requirements contained in subsection (10), are exceedingly onerous and unnecessarily intrusive. These requirements appear designed to discourage and deter residents from keeping chickens in the City of Waukesha, and also lack any rational basis.

It is our understanding that the Common Council has received comments and a large file of information from Manthey on this topic, but has essentially ignored all of it.

### Legal Nonconforming Use

Manthey has had over thirty chickens prior to the enactment of ordinance number 2023-4, Section 33.07, including two miniature roosters. We believe this history establishes a legal nonconforming use, and we are requesting this relief from the City. Pursuant to Section 22.61 of the Waukesha Municipal Code, the lawful use of a premise existing at the time of the adoption of a zoning ordinance may be continued although such use does not conform with the provisions of the ordinance. We believe the case can be made that the City's new chicken ordinance is actually a zoning ordinance as it significantly restricts the way in which a landowner may use his or her property.

### Conclusion and Relief Sought

Manthey requests a legal nonconforming use exemption from Section 33.07 in its entirety based upon her pre-existing use and vested property right. Should this not be granted, we intend to commence an action for declaratory judgment to challenge the validity of the subject ordinance. Pursuant to Wis. Stat. § 893.80(1d)(b), the relief sought by Ms. Manthey will include temporary injunctive relief, permanent injunctive relief, a declaration that the subject Ordinance is void and unenforceable, and damages and attorney's fees pursuant to 42 U.S.C. 1983, *et seq.*

Please confirm receipt of this letter and let me know whether the City will grant Ms. Manthey the legal nonconforming use exemption.

Please feel free to contact me should you have any questions regarding the contents of this letter.

April 14, 2023
Page 3

                                        Sincerely,

                                        /s/ Michael A. Snider

                                        Michael A. Snider

MAS:tlm

cc:     Ms. Amy Manthey



**Office of the Clerk Treasurer**
201 Delafield Street
Waukesha, Wisconsin 53188-3633

FILED
10-31-2023
Gina Kozlik, Clerk
Clerk of Circuit Court
Waukesha County
2023CV001753
clerktreas@waukesha-wi.gov

May 3, 2023

To:    Cramer, Multhauf & Hammes, LLP
Michael A. Snider
1601 East Racine Ave
Suite 200
Waukesha, WI 53187-0588

Date of Notice of Claim:    April 20, 2023
Claimant:    Amy Manthey

On Behalf of: Amy Manthey
Property location: 2701 Northview Rd, Waukesha, WI 53188

PLEASE TAKE NOTICE that pursuant to Wis. Stats. §893.80(1)(g), on May 2nd, 2023, the Common Council of the City of Waukesha disallowed your notice of claim in connection with the recently passed chicken ordinance.

NO ACTION BASED UPON YOUR CLAIM MAY BE BROUGHT AGAINST THE CITY OF WAUKESHA AFTER SIX MONTHS FROM THE DATE OF SERVICE OF THIS NOTICE, PURSUANT TO WIS. STATS. §893.80.

cc: Amy Manthey

*Katie Panella*

Katie Panella
Deputy City Clerk-Treasurer

**EXHIBIT**
**3**