AMY MANTHEY,

        Plaintiff,

                                     Civ. Action No. 23-cv-1587

CITY OF WAUKESHA,

        Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, City of Waukesha ("Defendant" or the "City"), by its attorneys, Stadler Sacks LLC, and as for its Answer and Affirmative Defenses to the Plaintiff, Amy Manthey's Complaint states as follows:

### **PARTIES**

1.    The Plaintiff, Amy Manthey ("Plaintiff" or "Manthey"), is an adult resident of Waukesha County, Wisconsin, and currently resides at 2701 Northview Road, Waukesha, WI 53188.

    **Answer**:    Upon information and belief Defendant admits.

2.    The Defendant, City of Waukesha (the "City"), is a municipal corporation organized and existing under the laws of the State of Wisconsin, with offices located at 201 Delafield Street, Waukesha, WI 53188.

    **Answer**:    Defendant admits.

### **JURISDICTION AND VENUE**

3.    Jurisdiction is appropriate in the State of Wisconsin as all parties reside within the State of Wisconsin and the property at issue in the lawsuit is located in the State of Wisconsin.

**Answer**:     Defendant only admits that jurisdiction in the United States District Court for the Eastern District of Wisconsin is proper.   To the extent that a responsive pleading is required for the remainder of this paragraph, Defendant denies.

4.     Venue is appropriate in Waukesha County as it is the Defendant's County of residence as well as the county where the property at issue in this lawsuit is located.

**Answer**:     Defendant only admits that venue in the United States District Court for the Eastern District of Wisconsin is proper.   To the extent that a responsive pleading is required for the remainder of this paragraph, Defendant denies.

## BACKGROUND FACTS

5.     Manthey, along with like residents of the City of Waukesha have operated under the exemption of a city ordinance and have kept various fowl within City limits for several decades.

**Answer**:     Defendant denies.

6.     Manthey and her husband purchased the residential property located at 2701 Northview Road, Waukesha, Wisconsin (the "Property") in 2010, wherein she has practiced various conservation techniques since purchase.

**Answer**:     Upon information and belief Defendant admits that Plaintiff and her husband purchased the Property in 2010.   Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and therefore denies.

7.     The Property sits on approximately 1.378 acres and borders Northview Road to the north and N. University Drive to the east, which is where Manthey's coops and run are situated.

**Answer**:     Defendant only admits that upon information and belief, the Property is greater than one acre.   Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and therefore denies.

8.      Only 0.44% of residential parcels in the City have a lot size of greater than one acre.

**Answer**:      Defendant denies that this paragraph accurately or adequately describes the percentage of residential parcels in the City which are greater than one acre and therefore denies.

9.      Manthey has kept chickens at the Property since August 2021.

**Answer**:      Defendant only admits that upon information and belief, Plaintiff is keeping, or has kept chickens at the Property.  Defendant is without knowledge or information sufficient to form a belief as to the remainder of this paragraph and therefore denies.

10.      Manthey's flock includes various breeds, including three (3) roosters. Manthey researched and selected the best breeds for southeastern Wisconsin's climate, the property's lot size, pest control, sustainability, flock protection, and personality.

**Answer**:      Defendant only admits that upon information and belief, Plaintiff is keeping, or has kept chickens and roosters at the Property.  Defendant is without knowledge or information sufficient to form a belief as to the remainder of this paragraph and therefore denies.

11.      On March 7, 2023, the City adopted Ordinance No. 2023-4 ("the Ordinance"), which created a new section of the Waukesha Municipal Code, Section 33.07 to regulate the keeping of chickens and other fowl within the City. A true and correct copy of the Ordinance signed by the Mayor and City Clerk, is attached hereto as **Exhibit 1**.

**Answer**:      Defendant admits that on March 7, 2023 it passed Ordinance No. 2023 – 4 and that Exhibit 1 speaks for itself.  To the extent a responsive pleading is required for the remainder of this paragraph, Defendant admits.

12.      Prior to the City's adoption of Ordinance No. 2023-4, the City did not prohibit or regulate the keeping of chickens or other fowl on residential parcels.

**Answer**: Defendant denies.

13.     On April 14, 2023, Manthey served a Notice of Claim pursuant to Wis. Stat. § 893.80 upon the City through its Mayor, Sean Reilly, and Interim City Administrator, Gina Kozlik. A true and correct copy of the Notice of Claim is attached hereto as **Exhibit 2**.

**Answer**: Exhibit 2 speaks for itself and to the extent a responsive pleading is required for this paragraph, Defendant admits.

14.     The Notice of Claim stated that Manthey would challenge the ordinance in whole or in part, and specifically referenced the following:

- Keeping Certain Fowl Prohibited, specifically that residents and parcels must come into compliance within 180 days for the effective date of this section 33.07(3).

- All Permit, Inspection, and Registration Requirements contained in Section 33.07(4)-(8).

- The General Regulations contained in Section 33.07(9)(a-j).

- The Enclosure Requirements contained in Section 33.07(10).

(See **Exhibit 1**.)

**Answer**: The Notice of Claim, and contents thereof, attached to the Complaint as Exhibit 2, speaks for itself and to the extent a responsive pleading is required for this paragraph, Defendant denies.

15.     Manthey's Notice of Claim specifically took issue with the Ordinance's arbitrary limitation of the number of chickens to four per parcel or six per parcel if the parcel is greater than one acre in area; and its prohibition on roosters. Section 33.07(9)(a) and (b). Because Manthey had kept more than six chickens, including roosters, since well before passage of the Ordinance, the Notice of Claim stated that Manthey was seeking a legal non-conforming use exemption.

**Answer**:     The Notice of Claim, and contents thereof, attached to the Complaint as Exhibit 2, speaks for itself and to the extent a responsive pleading is required for this paragraph, Defendant denies.

16.     Manthey's Notice of Claim further challenged the Ordinance's requirement that Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels." Section 33.07(9)(h). Manthey's chickens have always ranged freely on her property.

**Answer**:     The Notice of Claim, and contents thereof, attached to the Complaint as Exhibit 2, speaks for itself and to the extent a responsive pleading is required for this paragraph, Defendant denies.

17.     Manthey's Notice of Claim further referenced the Ordinance's Enclosure Requirements. Upon information and belief, Manthey's existing Chicken "Enclosure" as this term is defined in Section 33.07(2)(c) is not in compliance with all Enclosure Requirements contained in Section 33.07(10)(a)-(l) of the Ordinance.

**Answer**:     The Notice of Claim, and contents thereof, attached to the Complaint as Exhibit 2, speaks for itself and to the extent a responsive pleading is required for this paragraph, Defendant denies.

18.     Manthey's Notice of Claim aligned the interests of like residents and all parties agreed that only Manthey shall file versus the entirety of like residents to save judicial monotony.

**Answer**:     Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

19.     On or about May 3, 2023, the City formally disallowed Manthey's, along with other like resident's, Notice of Claim by letter sent to Manthey's counsel at the time. A true and correct copy of the City's disallowance letter is attached hereto as **Exhibit 3**.

**Answer**:     Defendant admits that on May 3, 2023 it disallowed Plaintiff's Notice of Claim and that Exhibit 3 speaks for itself.  To the extent a responsive pleading is required for the remainder of this paragraph, Defendant admits.

### FIRST CLAIM FOR RELIEF: DECLARATORY RELIEF
### (ENFORCEABILITY OF THE ORDINANCE)

20.     The allegations contained in paragraphs 1-19 above are realleged and incorporated as if fully set forth above, as though fully set forth herein at length.

**Answer**:     Defendant reasserts its admissions and denials contained herein.

21.     The City does not have a rational basis for the requirement contained in Section 33.07(3). This section of the ordinance violates animal cruelty laws, specifically Wis. Stat. § 951.02, "no person may treat any animal, in a cruel manner; Cruel defined as "unnecessary, unjustifiable death."

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

22.     Sections 33.07(4)-(8) of the Ordinance contain arbitrary, unreasonable, overly invasive, and overly burdensome permitting, inspection, and registration requirements.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

23.     The City does not have a rational basis for the requirements contained in Section 33.07(4)-(8) of the Ordinance.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

24.     The requirements contained in Section 33.07(4)-(8) of the Ordinance are not rationally related to any legitimate municipal objective.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

25.     The non-consensual inspection of premises on demand by the City of Waukesha Community Development Department authorized under Section (7) of the Ordinance constitutes an illegal search under the Fourth Amendment of the United States Constitution and § 11 of Article 1 of the Wisconsin Constitution.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

26.     It is facially unconstitutional for the City to authorize the inspection of property without affording the owner an opportunity to obtain judicial review of the reasonableness of the demand for inspection.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

27.     The limitation of the number of chickens to four (4) per parcel or six (6) per parcel if the parcel is greater than one acre in area contained in Section 33.07(9)(a) of the Ordinance is arbitrary and capricious, lacks a reasonable basis, and is not rationally related to any legitimate municipal objective.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

28.     The prohibition on roosters contained in Section 33.07(9)(b) of the Ordinance is arbitrary and capricious, lacks a reasonable basis, and is not rationally related to any legitimate municipal objective.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

29.     Section 33.07(h)'s requirement that "[c]hickens must be kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels" is arbitrary and capricious, lacks a reasonable basis, and is not rationally related to any legitimate municipal objective.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

30.     The Enclosure Requirements contained in Section 33.07(10)(a)-(l) of the Ordinance are arbitrary and capricious, lack a reasonable basis, and are not rationally related to any legitimate municipal objective.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

31.     The Ordinance, in whole or in part, is unconstitutional, void, and unenforceable on its face, or as applied to Manthey.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

32.     Section 33.07, in whole or in part, constitutes illegal zoning in that the City impermissibly changed its zoning regulations to prohibit certain uses of land and structures that were previously permitted.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

33.     There exists an actual, justiciable controversy between the Plaintiff on the one hand, and the City, on the other hand.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

34. Manthey disputes the enforceability of various provisions of the Ordinance.

**Answer**: Defendant admits.

35. The interests of Manthey and the City are adverse.

**Answer**: The allegations in this paragraph are conclusions of law to which no answer is required. To the extent that a responsive pleading is required for this paragraph, Defendant denies.

36. The controversy is ripe for a judicial determination as to whether the Ordinance is enforceable in whole or in part.

**Answer**: The allegations in this paragraph are conclusions of law to which no answer is required. To the extent that a responsive pleading is required for this paragraph, Defendant denies.

37. Judicial determination will terminate the controversy between the parties.

**Answer**: The allegations in this paragraph are conclusions of law to which no answer is required. To the extent that a responsive pleading is required for this paragraph, Defendant denies.

38. Manthey, and like residents, seek judicial determination and declaration that the Ordinance is unenforceable in whole or in part, and seek exemption from the Ordinance.

**Answer**: Defendant only admits that Plaintiff is seeking an exemption from the Ordinance. Defendant is without knowledge or information sufficient to form a belief as to the remainder of this paragraph and therefore denies.

## SECOND CLAIM FOR RELIEF: DECLARATORY RELIEF
## (LEGAL NON-CONFORMING USE)

39. The allegations contained in paragraphs 1-38 above are realleged and incorporated as if fully set forth above, as though fully set forth herein at length.

**Answer**: Defendant reasserts its admissions and denials contained herein.

40. Section 33.07(9)(a) of the Ordinance limits the number chickens that may be kept on a property to four per parcel or six (6) per parcel if the parcel is greater than one acre in area.

**Answer**: The Ordinance speaks for itself and to the extent a responsive pleading is required for this paragraph, Defendant admits.

41. Manthey has kept more than six chickens at the Property since the fall of 2021.

**Answer**: Defendant only admits that upon information and belief, Plaintiff is keeping, or has kept chickens at the Property. Defendant is without knowledge or information sufficient to form a belief as to the remainder of this paragraph and therefore denies.

42. Section 33.07(9)(b) of the Ordinance prohibits the keeping of roosters in the City of Waukesha.

**Answer**: The Ordinance speaks for itself and to the extent a responsive pleading is required for this paragraph, Defendant admits.

43. Manthey has kept two (2) miniature roosters at the Property since before the Ordinance was adopted.

**Answer**: Defendant only admits that upon information and belief, Plaintiff is keeping, or has kept roosters at the Property. Defendant is without knowledge or information sufficient to form a belief as to the remainder of this paragraph and therefore denies.

44. Section 33.07(h) of the Ordinance requires that "Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels."

**Answer**: The Ordinance speaks for itself and to the extent a responsive pleading is required for this paragraph, Defendant admits.

11

45.     Manthey's chickens have ranged freely on the Property, which has been completely fenced, since before the Ordinance was adopted.

**Answer**:     Defendant only admits that upon information and belief, Plaintiff is keeping, or has kept chickens at the Property.  Defendant is without knowledge or information sufficient to form a belief as to the remainder of this paragraph and therefore denies.

46.     Section 33.07(10) of the Ordinance contains twelve (12) requirements for Chicken Enclosures.

**Answer**:     The Ordinance speaks for itself and to the extent a responsive pleading is required for this paragraph, Defendant denies.

47.     Manthey has had a coop and run on the property since before the Ordinance was adopted. Upon information and belief, Manthey's coops and run are not in compliance with all requirements under Section 33.07(10) of the Ordinance.

**Answer**:     Upon information and belief, Defendant admits that Plaintiff's accessory structure(s) on the Property are not in compliance with Section 33.07(10) of the Ordinance. Defendant is without knowledge or information sufficient to form a belief as to the remainder of this paragraph and therefore denies.

48.     Manthey's Notice of Claim letter dated April 14, 2023 (**Exhibit 2**) included a request for a legal non-conforming use exemption from the Ordinance.

**Answer**:     Exhibit 2 speaks for itself and to the extent a responsive pleading is required for this paragraph, Defendant denies.

49.     The City disallowed Manthey's Notice of Claim in its entirety, including her request for legal non-conforming use, on or about May 2, 2023, without explanation.

**Answer**: Defendant only admits that it disallowed Plaintiff's Notice of Claim in its entirety and that the disallowance letter attached as Exhibit 3 to the Complaint speaks for itself. To the extent a responsive pleading is required for the remainder of this paragraph, Defendants admits.

50. There exists an actual, justiciable controversy between Manthey on the one hand, and the City, on the other hand.

**Answer**: The allegations in this paragraph are conclusions of law to which no answer is required. To the extent that a responsive pleading is required for this paragraph, Defendant denies.

51. The parties dispute whether Manthey, and like residents, are entitled to exemption of the City's ordinance 33.07, and in the very least, legal non-conforming use exemption as to the Ordinance's limitation on the number of chickens allowed to be kept on a Property; the Ordinance's prohibition on roosters; the Ordinance's requirement that Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels; and the Ordinance's Enclosure Requirements under Section 33.07(10).

**Answer**: The allegations in this paragraph are conclusions of law to which no answer is required. To the extent that a responsive pleading is required for this paragraph, Defendant denies.

52. The interests of Manthey, like residents, and the City are adverse.

**Answer**: The allegations in this paragraph are conclusions of law to which no answer is required. To the extent that a responsive pleading is required for this paragraph, Defendant denies.

53.     The controversy is ripe for a judicial determination as to whether Manthey, and like residents are entitled to exemption of ordinance 33.07, and in the very least, legal non-conforming use exemption.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

54.     Such judicial determination will terminate the controversary between the parties.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

55.     Manthey and like residents seek a judicial determination and declaration that they are entitled to exemption of the ordinance, including exemption from the limitation on the number of chickens allowed to be kept on a Property; the prohibition on roosters; the requirement that Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels; and the Enclosure Requirements contained in the Ordinance.

**Answer**:     Defendant only admits that Plaintiff is seeking a declaratory judgement. Defendant denies that Plaintiff is entitled to any declaratory or injunctive relief and to the extent a responsive pleading is required for the remainder of this paragraph, Defendant denies.

### THIRD CLAIM FOR RELIEF:
### RIGHT TO FARM

56.     The allegations contained in paragraphs 1-55 above are realleged and incorporated as if fully set forth above, as though fully set forth herein at length.

**Answer**:     Defendant reasserts its admissions and denials contained herein.

14

57.     Manthey's property was registered as agricultural prior to City zoning.

**Answer**:     Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

58.     Manthey has operated her sustainability practices, including conservation, bee keeping, and raising livestock, for over ten (10) years, well before the Ordinance and without interference from the City.

**Answer**:     Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

59.     In her practices, Manthey has stored and processed her agricultural products, and followed all agricultural waste practices.

**Answer**:     Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

60.     Manthey registered her farming practices with the State agricultural department and veterinarian for transparency prior to the Ordinance in order to be apprised of any dangers her practices may pose to public safety and health, along with staying apprised with ever changing natural dangers to her practices.

**Answer**:     Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

61.     Manthey consulted various experts to comply with matters of conservation, sustainability, and economic value for agricultural practices on her property.

**Answer**:     Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

62.     At no time, past or present, has public health or safety been endangered by Manthey's practices.

**Answer**:     Defendant denies.

63.     Manthey has obtained economic benefits from her practices that afford her the ability to continue her practices.

**Answer**:     Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

64.     Manthey operates under the protections of U.S. Department of Commerce, "Table 1. Farms, Land in Farms, and Land Use" and Wis. Stat. §§ 91.01(2)(a), 823.08(2) (2021) 'Right to Farm' laws which allows her property protection from enforceability of actions that would negatively impact viability of her operations.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

## FOURTH CLAIM FOR RELIEF:
## VIOLATION OF TITLE 42 U.S.C. § 1983

65.     The allegations contained in paragraphs 1-64 above are realleged and incorporated as if fully set forth above, as though fully set forth herein at length.

**Answer**:     Defendant reasserts its admissions and denials contained herein.

66.     At all times material hereto, the City of Waukesha acted under color of state law, statute, ordinance, custom, and usage within the meaning of Title 42 U.S.C. § 1983.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant admits.

67.     The actions of the City, including but not limited to denying Manthey's requests for a legal non-conforming use without explanation or justification, deprived the Plaintiff of property without due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

**Answer**:     The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent that a responsive pleading is required for this paragraph, Defendant denies.

68.     As a result, Manthey has been financially harmed and is entitled to incidental, consequential, and other damages, including actual attorney's fees and costs, arising from the actions of the City.

**Answer**:     Defendant denies.

**As to any allegation of fact that has not been specifically admitted or denied, Defendant denies.**

## AFFIRMATIVE DEFENSES

1.     Plaintiff failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims may be barred, in whole or in part, because of Plaintiffs' failure to exhaust administrative remedies.

3.     Plaintiff's claims may be premature and not ripe.

4.     Plaintiff's claims may be moot.

5.     Plaintiff's Complaint may be barred, in whole or in part, by the applicable statute of limitations.

6.     Plaintiff has failed to mitigate damages, if any.

7.     Plaintiff's claims may be barred by the doctrine of estoppel.

8.     Plaintiff's claims may be barred by the doctrine of unclean hands.

9. Plaintiff may have waived some or all of his claims.

10. Defendant is entitled to absolute, qualified, or other form of immunity.

11. Plaintiffs may lack standing to raise the claims asserted in the Complaint.

12. At all times Defendant has operated within the applicable and controlling law, or within a reasonable interpretation and understanding of the law and has not violated any federal laws or constitutional rights of Plaintiff.

13. Plaintiff's damages, if any, may be subject to various applicable limitations or exclusions, including the damages caps of Wis. Stat. § 893.80.

14. Plaintiff may have failed to comply with the notice of claim provisions of Wis. Stat. § 893.80.

15. Plaintiff's claims are barred in whole or part by issue preclusion and/or claim preclusion.

16. Plaintiff was not denied any protections guaranteed by the Constitution.

17. Ordinance No. 2023 – 4 was lawfully passed pursuant to the City's authority and is rationally related to legitimate government interests.

18. The passage of Ordinance No. 2023 – 4 did not confer legal non-conforming use status upon Plaintiff.

19. Ordinance No. 2023 – 4 is an exercise of the City's police power, not a zoning decision.

20. Denial of legal nonconforming use status does not constitute a violation of due process.

21. Plaintiff received all procedural protections required under the due process clause.

22.     Ordinance No. 2023 – 4's inspection provision does not violate the Fourth Amendment because it deals with health and safety laws applicable to all City residents.

23.     The right to farm law, Wis. Stat. § 823.08 does not contain a private cause of action.

24.     The right to farm law, Wis. Stat. § 823.08 is inapplicable to Plaintiff's Property.

25.     Plaintiff lacks standing to assert rights on behalf of any alleged "like residents" and has not properly sought to proceed on their behalf thought a class action.

26.     Any other affirmative defenses uncovered through the course of discovery and litigation of this matter.

WHEREFORE, Defendant respectfully requests that the Court: enter judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice and in its entirety; deny each and every demand, claim, and prayer for relief contained in Plaintiff's Complaint; award to Defendant its attorneys' fees and costs; and grant such other and further relief as the Court may deem just and proper.

Dated this 1st Day of December, 2023.

STADLER SACKS LLC
Attorneys for Defendant

By: */s/ Ronald S. Stadler*
Ronald S. Stadler
State Bar No. 1017450
Jonathan E. Sacks
State Bar No. 1103204

303 – B North Main Street
West Bend, WI  53095
Telephone: 262-304-0610
e-mail:  rss@stadlersacks.com
        jes@stadlersacks.com